UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

CR01-00409
CR01-00409 HG

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 23 2005

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

| | |
|---|---|
| GIANG DINH PHAM,<br><br>Petitioner - Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent - Appellee. | No. 05-80096<br><br>ORDER |

Before: SCHROEDER, Chief Judge, W. FLETCHER and FISHER, Circuit Judges

Petitioner has filed a motion for *audita querela* under the All Writs Act. 28 U.S.C. § 1651. The substance of petitioner's motion is an attack on his conviction and sentence. Despite the title of the motion, petitioner's motion falls under the requirements for a second or successive 28 U.S.C. § 2255 motion and will be construed as an application for authorization to file a second or successive 28 U.S.C. § 2255 motion in the district court. *See United States v. Valdez-Pacheco*, 237 F.3d 1077 (9th Cir. 2001) (per curiam) (holding, "We agree with our sister circuits and conclude that a federal prisoner may not challenge a conviction or sentence by way of a petition for a writ of *audita querela* when that challenge is cognizable under § 2255 because, in such a case, there is no 'gap' to fill in the

S:\MOATT\Panelord\12.5.05\orders\pe3\05-80096.wpd

05-80096

postconviction remedies."). So construed, the application is denied. Petitioner has not made a prima facie showing under 28 U.S.C. § 2255 of:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the defendant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See also, United States v. Cruz*, 423 F.3d 1119, 1120-21 (9th Cir. Sept. 16, 2005) (per curiam) (holding that the Supreme Court did not make *United States v. Booker*, 125 S. Ct. 738 (2005) retroactive to cases on collateral review to convictions that became final prior to *United States v. Booker*, 543 U.S. 220 (2005)).

No petition for rehearing or motion for reconsideration shall be filed or entertained in this case. *See* 28 U.S.C. § 2244(b)(3)(E).

S:\MOATT\Panelord\12.5.05\orders\pe3\05-80096.wpd  2

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 21 2005

by
   Deputy Clerk