

ORIGINAL

Giang Dinh Pham [88369-022]
FCI 1299 Seaside Ave.
San Pedro, Calif. [90731]

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 09 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

Constitutional Article III Judicial Department, AD 1787

IN RE:  CR. NO. 01-00409 HG

The restraint of

GIANG DINH PHAM,
   Claimant/Movant,

v.

CUSTODIAN/RESPONDENT:
Joseph Woodring [WARDEN],
Albert Gonzales, Agent
C/o Federal Correctional Institution
1299 Seaside Avenue/PO Box 3007
San Pedro, CA 90731

_____/

REQUEST FOR RELIEF FROM VOID JUDGMENT PURSUANT F.R.C.P. 60(b)(4)&(6)

  PLEASE TAKE NOTICE THAT COMES NOW Giang Dinh Pham, Claimant/movant under the United States Constitution 1787, Bill of Rights ratified in 1791, Supreme Court doctrines of Haines v. Kerner, 404 U.S. 519 (1972) and Houston v. Lack, 487 U.S. 266 (1988), hereinafter, "Claimant/Movant", whose judgment is void as the court lacked subject matter jurisdiction for reasons as follows and in attached EXHIBITS which are herein incorporated into this claim/motion including but not limited to the following:

I. FACTS

1. The district court judge abused his discretion by not ordering medical treatment as part of the sentence, as such need was and is before the court. 18 USC Section 3553(a)(1)-(2) affirmed by the case USA v. Ameline, No. 02-30326 (9th Cir., Feb. 09, 2005).

2. My P.S.I. Report, which is void abinitio, and is denied me, disallowing my constitutional right to confront my accusers, due process of law, per Amend.(s) 5 & 6, Bill of Rights, ratified in 1791, and the Constitution of 1787.

3. Court lacked subject matter jurisdiction to bring Judgment as indictment was not constitutionally brought by a grand jury without a majority residing in Federal Territory.

4. Court brought unconstitutional judgment exceeding jurisdiction for violating the Winship doctrine and thus Claimant/movant's 5 & 6 Amendment rights were violated, which jurisdiction did not include such and Judgment is void.

5. The government's agents', nor the government never produced a competent witness who swore under oath as to my liability so the court lacked subject matter jurisdiction.

6. The P.S.I./P.S.R. was not elements of my so-called crime founded on facts, nor sworn to under oath, so violates my 5 & 6 Amendment rights, thus depriving the court of subject matter jurisdiction, further neither government agents, nor discovery documents showed no liability of me.

6. My attorney, a third party, was not an acceptable witness as to facts relating to my case, nor was the third party Presentence Investigation Officer eligible as a fact witness, thus the court was denied subject matter jurisdiction.

7. Charge failed to state a claim whereby I had any liability to the statute, and the totality of the circumstances as explained in the foregoing shows that the court lacked one or more of the necessary forms of jurisdiction, therefore Judgment and Commitment Order bearing the above

case/cause number is void abinitio.

8. The Judgment and Commitment Order derived from sentencing is void abinitio as it was imposed by violation of a constitutional right and court was thus deprived of subject matter jurisdiction.

9. Further, the transaction which took place with the government's witness was stated "on the court record" as being just a seller-purchaser transaction(s) and therefore was factually based upon testimony of the witness to "NOT BE ANY COMMON GOAL NOR FITTING THE CRIME DUBBED 'CONSPIRACY'", therefore the district court lacked any jurisdiction to charge and sentence the defendant for conspiracy or 21 USC Section 841 et seqq.

10. This actual witness testimony supercedes the presentence report, which is void abinitio for robbing the court of subject matter jurisdiction, which has produced a void judgment.

11. Prior court proceedings failed to produce the following:
a. evidence of an injured party
b. affidavit, verified complaint or existence of a complaining party, and,
c. or failed to produce an injured party on the stand to testify, and,
d. failed to produce a claim upon which relief could be granted.

12. Petitioner is actually innocent of the charge of conspiracy and the enhancements levied upon unlawful charge which violated the Fifth (5th) & Sixth (6th) Amendment to the Constitution of the United States.

II. MEMORANDUM OF POINTS & AUTHORITIES
        (FACTS & LAW)
PETITIONER'S FILING STATUS.
   This Motion is filed In propria persona as Claimant/movant represent's himself in accordance with 28 USC Section 1654, depending on the rules and case law, being liberally construed (State

v. Owens, 124 S. Ct. 220 (1922)) and U.S. v. Eatinger, 902 F2d 1383 (9th Cir. 1990) and Haines v. Kerner, Id.! A jailhouse lawyer under Avery v. Johnson assists the Claimant/movant. In all the years he has seen few cases as unjust as the man whom he helps write for herein.

Jurisdiction was lacking from the beginning and Claimant/movant now claims that the court lacked jurisdiction, voiding Judgment and commitment order numbered supra. "It is a well established principle of law that all federal legislation applies only within the territorial jurisdiction of the united States unless contrary intent appears". Foley Brothers v. Filardo, 336 U.S. 281 (1948). It is a principle of law that once challenged, the person asserting jurisdiction must prove that jurisdiction to exist as a matter of law:

Title 5 of the U. S. Codes, section 556(d) states, as follows: "When jurisdiction is challenged the burden of proof is on the government." Please note also this is affirmed in the following cases:

McNutt v. G.M., 56 S.Ct. 780, 80 L.Ed. 1135

Griffin v. Matthews, 310 Supp. 341, 343 F2d 272

Basso v. U.P.L., 496 F 2d 906

Thompson v. Gaskiel, 62 S. Ct. 673, 83 L. Ed. 111.

Claimant challenges jurisdiction declaring that the facts herein which show a lack of jurisdiction pursuant to the foregoing and the following denying, the court proper jurisdiction from the beginning for lack of it under 18 U.S.C. Section 3231, 28 U.S.C.A. Section 1331 or 21 U.S.C. section 841.

STATEMENT OF LAW AND ARGUMENT

Rule 60(b) Motions offer relief from judgment and are without limit of time limit and it has long been that Rule 60 Motions should be looked at liberally in the accomplishment of justice (U.S. v. McDonald, 86 FRD 2042 (DC 11, 1980)).

Additionally, Rule 60(b)(6) Motions allow relief from Judgment if claimant can show that there exists extraordinary circumstances that made him unable to prosecute the claims which

were being made (Bonneau v. Clifton, 2156 FRD 596 (D.Or., 2003)). Ninth Circuit, precedent and a recent Supreme Court ruling indicate same, when challenging the validity of a criminal judgment (Bonin v. Caldron, 59 F3d 815 (CA 9, 1995)). Since the hearing of that case, a challenge to the efficiency of Rule 60(b) proceedings reached the United States Supreme Court, where it was held that there is applicability of the Rule's Motions to criminal proceedings, where the Rule 60 (b) motion is challenging a defect in a prior proceeding (Gonzales v. Crosby, ____ U. S. ____, 04-6432 (June 23, 2005)). In addition to, U.S. v. Ameline, ____F3d____, 2005 DJDAR 6396 (9th Cir. 2005). (referred to as Ameline III), clarifies this. The breakdown is that points were added to increasing the sentence without any finding of fact by a jury, violating the In Re Winship doctrine and Jackson v. Virginia, 443 U.S. 307, 61 L Ed 2d 560, 99 S Ct. 2781 (1979).

None of these enhancements (or as USSG calls "adjustments") were found by a jury to be true, yet such enhancements unlawfully hold the movant "in restraint of his human liberty against his will". That this violates the tort of false imprisonments two prong test is self-evident, and movants present restraint is unlawful in its entirety, his judgment void abinitio also violating Claimant/movant's Ninth amendment rights. Movant's attorney told him he would get five (5) years and so Affiant-claimant believed that was what he was pleading to. There was a language barrier which in and of itself breached due process, as did any Judgment brought from perjury of the courts agent-attorney, causing a loss of subject matter jurisdiction. As we know now, the statutory maximum allowed by the Apprendi Rule is "not the maximum which the judge may impose after finding additional facts, but the maximum he may impose without any additional findings." (Blakely v. Washington, 124 S. Ct. 2531 (2004)).

Under the Winship doctrine it has always been the same. Still here the Claimant/movant thought he was being more or less commanded by "plead to the deal or you'll get 25 years if you lose at trial and I don't see how we can win". So how would it be any worse for him and if you were in movants shoes what would you have done? Thus he was coerced by undue influence, eventually resulting in evidence of surprise. "Because of what appears to be command on the surface, many Citizens, because of respect for the law (lawyers), are cunningly coerced into waiving their rights, due to ignorance." U.S. v. Minker, 350 U.S. 179, 187.

Claimant/movant now asserts his rights in summary of some from the Declaration of Independence, including: (1) Life, (2) Liberty, (3) The Pursuit of Happiness. These rights have been greatly expanded, so why when according to the supreme Court, "WAIVERS OF CONSTITUTIONAL RIGHTS, NOT ONLY MUST BE VOLUNTARY, THEY MUST BE KNOWINGLY INTELLIGENT ACTS, DONE WITH SUFFICIENT AWARENESS OF THE RELEVANT CIRCUMSTANCES AND CONSEQUENCES." Brady v. Maryland, 397 US at 748 (1970).

In other words, the court not a jury found actual definition of conspiracy-all prongs, and the other enhancements, then subject matter jurisdiction was lost as the trial judge exceeded his lawful jurisdiction and enhanced based on such dubious judicially found facts, presumptions and/or assumptions, resulting in a void judgment. The judge is constrained by law to sentencing the defendant within the Guideline range that a jury verdict alone allowed, not judge found, [nor upon PSI Officer's bias founded facts] (Apprendi at 481, 4 Blackstone, Commentaries on Laws of England 369). Since no jury made a finding beyond a reasonable doubt on areas that the judge enhanced the movant's sentence, it is clear that he lacked subject matter jurisdiction and such enhancements should not have been assessed, allowing additional punishment, which movant is now on this enhanced portion of his sentence.(Blakely at 2537). Nor once found guilty how was the Claimant/movant to know, nor how could he have known or should he have known that he was getting 15 years in lieu of the five (5) years as was the offer in the "deal", the promise of the deal???

This being the mind set, how could the court have subject matter jurisdiction?
Looking at Apprendi from a historical perspective, it becomes clear that the Court's decision is not a new idea for as early as 1968, the Supreme Court ruled that "the truth of every accusation....should be confirmed by unanimous suffrage of twelve equals and neighbors..." (Blackstone 343 (1769) and Duncan v. Louisiana, 391 US 145). Two years later, In Re Winship, 397 US 358 (1970) affirmed this same concept. US v. Gaudin, 515 US 506 (1995), Jones v. US, 526 US227 (1999) and Apprendi all substantially address the same result: a jury must find beyond a reasonable doubt all elements of a crime that are used to increase the sentence beyond the statutory maximum.

Unfortunately, judges using less than the reasonable doubt standard, have imposed sentences well beyond those supported by NO jury verdict alone, so long as the resulting term of imprisonment was less than the pre-Apprendi understanding of the "statutory maximum". Blakely, which clarified the high court's intent in Apprendi, make it clear that every sentence imposed, pre and post Apprendi, was a violation of the Sixth Amendment if any upward departure or adjustments were made to a criminal sentence that were not found to be true using the reasonable doubt standard. An Apprendi claim should be reviewed for clear error. The facts as they were understood at the time were an erroneous view of the law (Ritter v. Morton, 513 F2d 942 (9th Cir. 1975). The court must examine the record to determine if an error was made and if the trial court's finding can pass muster. Did the trial court find the enhanced portion of the sentence beyond the plea deal offered of ten years or did the judge find such sentence beyond the offer at the governments urging (mainly because the exercising of the constitutional right to trial). The Supreme court has put an end to this chain of error(s) across the country when they clarified Blakely their ruling through Blakely, and subsequently directly applying their holdings in Apprendi and Blakely to the USSG in US v. Booker, 543 US ____, 2005 WL 50108 (2005).

It should be made clear that subject matter jurisdiction was lacking in the Claimant/movants case beyond the ten years, allowed for the jury verdict, or the ten years offered in a plea. Any sentence beyond this is unconstitutional and violating due process and as such eliminates subject matter jurisdiction, as does the exceeding of jurisdiction. (See Yates v. Aiken, 484 US 211 (1988), where the court says that when existing precedent is applied to a new factual basis, there is no question of retroactivity). Further, there is no time limit to a Rule 60(b)(4) and/or (6) Motion, and the fact is that jurisdiction did not exist to give a 360 month sentence. The maximum is what the government offered ten years, that was actual notification. Movant, non-violent has served five (5) years to date. Why must he be broken off unlawfully any longer? The answer is he should not be and to hold him further in restraint is unlawful and you are hereby put on NOTICE as well as NOTIFIED that jurisdiction was exceeded as then was judicial immunity. There it is and do not think that to ignore the law is justified as it is not and the next action(s) filed will be of a different nature. The di is cast and the ninth (9th) Amendment, 18 USC 4, 42 USC 1986 as well as other law comes into play. Thus this honorable court is put on NOTICE. Follow the law or pay the financial price, as what goes around will come around.

Claimant/movant, I, me, myself is not a "resident of", "franchise of", "subject of", "ward of", "property of", "chattel of", "in this state", "of this state" "a person", "person", or "subject to the jurisdiction of" the State of the Forum of any United States, the corporate State, corporate county, or corporate City, Municipal, body politics created under primary authority of Art. I, Sec. 8, Cl. 17 and Art. IV Sec. 3, Cl. 2 of the Constitution for the united States of America, nor subject to any legislation created by such authorities and I am not subject to the jurisdiction of any employees, officers or agents deriving there authority thereof. Further, I am not subject of Administrative and Article I Courts or bound by the precedents of such courts, and I rebut and presumption of fact(s) and/or law(s) to the contrary, including but not limited to "voters registration" and Fourteenth Amendment Citizenship.

"Legislation enacted by Congress applicable to the inferior federal courts in exercise of the power under Article III of the Constitution cannot be affected by legislation enacted by Congress under Art. I, Sec. 8, Cl. 17 of the Constitution." D.C .Code, Title 11, at p. 13. I quit paying Federal income tax in 1980 as I am pursuant to statute not in the jurisdiction of the united States, am of Hawaii domicile, or at least was not upon the date I was charged and/or sentence. I am not a "citizen subject to its jurisdiction" as defined in 26 CFR Sec. 1.1-1©) upon whom the Graduated Income Tax is imposed.

Movant means no disrespect, to the contrary, but can not be expected to want to die in here (in Federal Prison). Put yourself in Claimant/movant's shoes, how would you feel???

INDICTMENT.
An indictment contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend. Hamling v. U.S., 418 U.S. 87, 117 (1974). F.R. Crim. P. 7©) (Indictment must be a "plain, concise, and definate written statement with essential facts (elements of the crime of conspiracy in this case) constituting the offense charged")). In this case enhancements were based upon the judge's decisions and "not the jury". The indictment should have reflected the enhancements, per Apprendi, Blakely v. Washington, Ameline and In Re Winship. None of the movant's enhancements were based on facts in the indictment and to enhance him for such the district court lacked subject matter jurisdiction, which void judgment. "There is a great difference between amending indictments and amending information.

Indictments a found upon the oaths of a jury, and ought only to be amended by themselves", U.S. v. Ameline, No. 02-30326 2004 U.S. App. Lexis 15031 (9th Cir. 2004).

Additionally, the Fifth Amendment requires that facts which can increase a defendants sentence must be contained in the indictment. Blakely v. Washington, 124 S. Ct. 2531 (2004). Enhancing a sentence based on district court decision at sentencing (judge-found facts or assumptions) that were not alleged in the indictment violating not only the Sixth Amendment right to an indictment. In this case the district court has violated these Fifth and Sixth Amendment Constitutional rights in excess of jurisdiction and voiding judgment for lack of subject matter jurisdiction.

Claimant/movant did coerced sale of drugs to a cop, but is charged for conspiracy, in violation of law as even numerous drugs sales are not by themselves evidence of conspiracy. Nor are all the elements lawfully in the indictment.

Further relief from such lack of jurisdiction and void judgment can be brought at any time, since judgment rendered over person would be void. Taft v. Donellan, Jerome, Inc., C.A.Ind. 1969, 407 F2d 807.
Jurisdiction was lacking which is a matter of record evidenced by the fact that Movant did not qualify to pay Federal Income Taxes as a taxpayer" as is referenced in Economy Plumbing and Heating Co. V. United States, 470 F2d 585 (1972).

In his last Petition Claimant/movant stated lack of jurisdiction, but petition was dismissed as "time barred", when in fact movant cited as lack of jurisdiction which is never time barred and once an absence of jurisdiction is implied such jurisdiction must then be proven.
Repeatedly defendant has been entitled to evidentiary hearings on questions of jurisdiction based upon his good faith understanding of the courts' decisions in State of Maine v. Thilboutot, 448 U.S. 1, 100 S.Ct 2502 (1980); McNutt v. General Motors Acceptance Corp. Of Indiana, Inc., 298 U.S. 178, 80 L. Ed. 1135, 56 S. Ct. 780 (1936); and Standard v. Olson 90 L. Ed. 1151, 74 S. Ct. 768 (1954) and many others.

Further Claimant Movant is unable to determine who the intended Plaintiff actually was as some of the process indicates a Plaintiff name of "UNITED STATES OF AMERICA"; some of the process indicates a Plaintiff name of UNITED STATES; some indicates a Plaintiff name of United States; and 28 USC 3002 alludes to UNITED STATES, INC.; USA Inc. and/or US Inc. Whereby no general appearances have been made by Claimant/movant in such action(s).

Held against his will and without authority of law Claimant is presently held unconstitutionally and in breach of contract(s) and oaths of office whereby he claims money damages pursuant 5 USC 5 and 28 USC 2672 of one hundred thousand dollars ($100,000.00) for the tort of unlawful confinement due. At least in part, to the unconstitutional suspension of his due process right to habeas corpus and audita querela under the all writs act.

Claimant further claims this amount in lawful money for each calender day beginning Five (5) years and some days ago unless and until he is released from restraint of his human liberty..

Such damages accrue on separate daily claims against the Official Bond(s) of the Judge(s) of the Ninth Circuit, any U.S. Supreme Court Justice representing the Ninth Circuit and the Official Bond of the sentencing Judge and the
Court Clerk for the United States District Court, District of Nebraska. These bonded officials have unlawfully sanctioned the seizure and imprisonment of the Claimant. Further they have so done without any Article III Judicial powers, nor lawful delegated authority.

The District Court of Hawaii has numerous docketed cases for the Claimant that it rejected and or unlawfully dismissed. Many discrepancies also exist as to weather the Claimant/movant is a person who ever used any "dba" names. Claimant is not the Cest que trust that it is claimed in 12 USC 101-220 and particularly is in no way affiliated with 12 USC 202(2) so demands release immediately or to be paid at the rate above within thirty (30)days.

EQUAL RIGHT(S).

It is a maxim of law that: "All are equal under the law." Further is law that "Equality of law is paramount and mandatory". Prejudice exists as attorney had actual face to face notice of factual drug amount given him by Claimant-movant and attorney is courts agent, therefore law of principal and agent applies. Thus notice of prejudice that amount was less was given.

REMEDY REQUESTED:

A. Movant's prior petitions have been unconstitutionally denied unconstitutionally denying the writ of habeas corpus as it pertains to Claimant/Movant which have been intercepted and returned in lieu of forwarding to the circuit court.

B. Claimant requests administrative determination that the complained of acts are a breach of the Oath of Office contract required by the Clerk.

C. Claimant requests administrative determination that the act of intercepting and returning the application(s) for writ of habeas corpus is an ultra vires act (outside the scope of official duty).

Mistake, undue influence and excusable neglect of counsel whom is the courts agent, and his stating "there is no way the jury will find conspiracy" further gives merit to reasons to void judgment beyond district courts exceeding jurisdiction. The attorneys duping his client, this movant can further be construed as "fraud upon the court". U.S. v. Ryan, D.C.N.Y. 1973, 3600 F.Supp. 265, affirmed 478 F2d 1397.

Furthermore this instrument is brought under *15 USC as it is evidence of a debt so constitutes a security per US SEC rules under *15 USC.
Claimant has repeatedly attempted to ascertain for the record that he who purports to act for the government stays within the bounds of his authority as it is recognized by the courts in Utah Power & Light Co. V. United States, 243 U.S. 389, 409, 391; United states v. Stewart, 311 U.S. 60, 70, 108 and see generally, In re Floyd Acceptances, 7 Wall. 666.

Warden Joseph Woodring appears to be purporting to act in the capacity as an officer of the government of the union of the several united State of America established by Constitution, AD 1789, or a subdivision or instrumentality thereof, and is deemed to know the law:

"All persons (public officials, state and federal) are presumed to know the law,....." Summer v. Beeler, 50 Ind. 341, 342 (1875).

This phase was coined originally at "The Hanging of the Witches in (1655)", still all are presumed to know it.

The court clerk, all judges as well as Warden Joeseph Woodring are presumed to know, and Claimant/movant provides the court this official/judicial NOTICE of the law known:

"In as much as every government is an artificial person, an abstraction, a creature of the mind only, a government can interface only with other artificial persons. The imaginary, having neither actuality nor substance, is foreclosed from creating and attaining parity with the tangible. The legal manifestation of this is that no government, as well as any law, agency, aspect, court, etc. can concern itself with anything other than corporate, artificial persons and the contracts between them." S.C.R. 1795, Penhallow v. Doane's Administrators 3 U.S. 54; 1 L. Ed. 57; 3 Dall. 54

"Entity cannot compel specific performance upon its corporate statutes or corporation rules unless it, like other corporations, is the holder-in-due-course of some contract or commercial agreement between it and one whom demands are made, and it is willing to provide said document and place it into evidence before trying to enforce its demands called statutes." Clearfeild Trust Co. V. United States, 318 U.S. 363-71, 63 S. Ct. 573 (1943).

CONCLUSION

Movant has served a 5 year sentence of, which with good time credits is equal to roughly six (6) years. Did your honor really mean for such a sentence to be longer based upon the unlawful breaches of contract committed as explained herein.? If so under what lawful pretense? Such sentence is reduced to a void judgment once the actual enhanced portion begins to be served, if not from the onset do to exceeding jurisdiction by judge found enhancements and a lack of jurisdiction even by PSI Officer who collaborated and acted in concert with the judge and prosecutor to enhance using facts not found by a jury.(These acts were ultra vires acts constituting a breach of oath of official duty).

FURTHER AFFIANT SAITH NOT

_____

Giang Dinh Pham,

Claimant/UCC 1-207,

sui juris, without prejudice