```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF HAWAII

GIANG DINH PHAM,               )  CIVIL NO. 04-00542 HG-LEK
                               )  CRIM. NO. 01-00409 HG-01
             Movant,           )
                               )  ORDER DENYING MOVANT'S "REQUEST
       vs.                     )  PERMISSION TO FILE AMENDED
                               )  NOTICE TO APPEAL SEEKING A
UNITED STATES OF AMERICA,      )  CERTIFICATE OF APPEAL" AND
                               )  DENYING "REQUEST FOR RELIEF
             Respondent.       )  FROM VOID JUDGMENT PURSUANT
_____)  F.R.C.P. 60(b)(4) & (6)"
```

**ORDER DENYING MOVANT'S "REQUEST PERMISSION TO FILE AMENDED
NOTICE TO APPEAL SEEKING A CERTIFICATE OF APPEAL"
AND
DENYING "REQUEST FOR RELIEF FROM VOID JUDGMENT PURSUANT
F.R.C.P. 60(b)(4) & (6)"**

Movant Giang Dinh Pham ("Movant") has filed a "Request Permission to File Amended Notice to Appeal Seeking a Certificate of Appeal" which the Court construes as a request for relief under Fed. R. Civ. P. 60(b) ("First Rule 60(b)").  Movant has also separately filed a "Request for Relief from Void Judgment Pursuant [to] F.R.C.P. 60(b)(4) & (6)" ("Second Rule 60(b)").  In his First Rule 60(b) Motion, Movant seeks reconsideration of the Court's order denying his application for a certificate of appealability.[1]  In his Second Rule 60(b) Motion, Movant again

---

[1] Movant originally mailed his "Request Permission to File Amended Notice to Appeal Seeking a Certificate of Appeal" to the Ninth Circuit Court of Appeals and captioned it accordingly.

1

challenges the length of his sentence on Blakely/Booker grounds.[2] For the reasons set forth below, Movant's First and Second Rule 60(b) Motions are DENIED.

## PROCEDURAL HISTORY

On September 7, 2004, Movant filed a Motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

On March 15, 2005 the Court issued an order that, inter alia, denied the habeas motion ("Habeas Order").

On March 30, 2005, Movant filed a motion that the Court construed as a motion for reconsideration of the Order Denying the Habeas Motion ("Motion for Reconsideration").

On April 11, 2005, the Court issued a Minute Order denying the Motion for Reconsideration ("Minute Order").

On April 25, 2005, Movant filed a document entitled "Notice to Appeal Seeking a Certificate of Appeal" in which he requested a certificate of appealability.

Also on April 25, 2005, the Court received a letter signed by Movant with the heading "Re: Notice to Appeal, Seeking COA." The Court construed the letter as a request for leave to proceed in forma pauperis on appeal.

---

Because the basis for the relief requested is Fed. R. Civ. P. 60(b), the Clerk of Court for the Ninth Circuit Court of Appeals transmitted it to this Court for disposition.

[2] United States v. Booker, 543 U.S. 220 (2005); Blakely v. Washington, 542 U.S. 296 (2004).

On May 2, 2005, Movant filed a document identical to his April 25, 2005 filing requesting a certificate of appealability.

On May 17, 2005, the Court denied Movant's application for a certificate of appealability and his request to proceed in forma pauperis on appeal ("Order Denying COA").

On May 27, 2005, Movant filed a request for certificate of appealability in the Ninth Circuit Court of Appeals.

On June 7, 2005, Movant filed a motion for writ of audita querela, (in a separately filed case, Civil No. 05-00370 HG-BMK) attacking the legality of Movant's sentence on Booker/Blakely grounds.

On June 20, 2005, the Court construed Movant's June 7, 2005 Motion as second habeas petition and dismissed it without prejudice.

On December 21, 2005, the Ninth Circuit Court of Appeals denied Movant's application to file a second or successive 28 U.S.C. § 2255 motion (Appeal No. 05-80096 from Civil No. 05-00370 HG-BMK).

On December 22, 2005, the Ninth Circuit Court of Appeals denied Movant's certificate of appealability request (Appeal No. 05-15990 from Civil No. 04-00542 HG-LEK).

On December 15, 2005, the Movant filed a "Request Permission to File Amended Notice to Appeal Seeking a Certificate of Appeal" under Fed. R. Civ. P. 60(b)(4) which included a "Brief in Support

3

of Request to Vacate Helen Gillmors [sic] Order to Dismiss Proceeding in a USDC, in 1:04-cv-00542 HG and 1:02-CR-00409 HG-01" which the Court construes as a Rule 60(b) motion for relief from the Court's Order Denying COA.

On January 9, 2006, Movant filed a "Request for Relief from Void Judgment Pursuant [to] F.R.C.P. 60(b)(4) & (6)".

## ANALYSIS

Movant's filings are yet more attempts to obtain a certificate of appealability with regard to the Court's denial of his 28 U.S.C. § 2255 habeas petition and to challenge the constitutionality of his sentence.  The Court has already denied Movant's first and second habeas petitions as well as Movant's initial request for a certificate of appealability and his request for reconsideration of the Order Denying COA.  The Ninth Circuit Court of Appeals has also denied Movant's request for a certificate of appealability and for authorization to file a second habeas petition.

I.   **Movant's First Rule 60(b) Motion**

Although Movant's First Rule 60(b) Motion is difficult to follow, it is apparent that in seeking relief from the Court's order pursuant to Fed. R. Civ. P. 60(b) he is again attempting to obtain a certificate of appealability.

The majority of the challenges raised by Movant in his present motion are the same as the challenges he raised in his

Motion for Reconsideration. (See First Rule 60(b) Motion at 7.) The Court denied Movant's Motion for Reconsideration on the grounds that a motion for reconsideration is not the proper vehicle to consider new arguments advanced for the first time and the consideration of such arguments would run contrary to the strict limitations on second or successive motions under the Anti-Terrorism and Effective Death Penalty Act of 1996.

In his First Rule 60(b) Motion, Movant cites to Rule 60(b)(4) (i.e., that the judgment is void) as ground for relief from the Court's Order Denying COA and/or as grounds for relief from the Court's Habeas Order. Movant has not stated grounds for relief under Rule 60(b)(4) or for relief under any other subsection of Rule 60(b). To the contrary, Movant attempts to raise several new arguments, along with various frivolous allegations, which he did not make in his initial habeas petition and that do not entitle him to relief under Rule 60(b).

Moreover, even if the Court were to construe Movant's Rule 60(b) Motion as a successive habeas petition, it would be denied. See Hamilton v. Newland, 374 F.3d 822, 823 (9th Cir. 2004), cert. denied, __ U.S. __, 125 S. Ct. 1599 (2005)(determining when a Rule 60(b) motion brought by a habeas petitioner should be treated as a second or successive petition, requires a case by case examination of the relief sought); Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998) (where "the factual predicate

for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b), [. . .], the Rule 60(b) motion should be treated as a successive habeas petition.").

Because Movant has not obtained the certification required by 28 U.S.C. § 2244(b)(3)(A), by an appropriate panel of the United States Court of Appeals for the Ninth Circuit, authorizing the filing of a second or successive habeas motion, the Court would lack subject matter jurisdiction over any such motion. See 28 U.S.C. § 2255 (requiring a movant who already has challenged the legality of his detention pursuant to § 2255 to obtain certification from an appropriate panel of the appellate court prior to filing a second motion); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (internal quotations and citation omitted).

The Court notes that the Ninth Circuit Court of Appeals has already once denied Movant's application to file a second habeas petition to challenge the constitutionality of his sentence on Booker grounds.

## II. Movant's Second Rule 60(b) Motion

Movant's Second Rule 60(b) Motion does not state any grounds for relief from judgment. Movant again challenges the constitutionality of his sentence. Movant raises substantially

the same <u>Booker/Blakely</u> arguments as he raised in his second habeas petition which the Court dismissed pending authorization by the Ninth Circuit Court of Appeals to file a second habeas petition.  As stated by the Ninth Circuit Court of Appeals in denying Movant's application for authorization to file a second or successive 28 U.S.C. § 2255 motion, <u>Booker</u> is not retroactively applicable to cases on collateral review to convictions that became final prior to <u>Booker</u>.  <u>See</u> <u>United States v. Cruz</u>, 423 F.3d 1119, 1120-21 (9th Cir. 2005).  Moreover, Rule 60(b) cannot be used to circumvent statutory restrictions on habeas petitions as Movant attempts to do here.

## **CONCLUSION**

In accordance with the foregoing,

(1) Movant's "Request Permission to File Amended Notice to Appeal Seeking a Certificate of Appeal", filed December 15, 2005, (Doc. 117 in CR. NO. 01-00409 HG-01) is **DENIED;**

(2) Movant's "Request for Relief from Void Judgment Pursuant [to] F.R.C.P. 60(b)(4) & (6)", filed January 9, 2006, (Doc. 120 in CR. NO. 01-00409 HG-01) is **DENIED.**

//
//
//

```
IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 22, 2006.
```



```
                            _____
                            Helen Gillmor
                            Chief United States District Judge
```

_____
Pham v. United States of America, Civil No. 04-00542 HG-LEK; Criminal No. 01-00409 HG-01; **ORDER DENYING MOVANT'S "REQUEST PERMISSION TO FILE AMENDED NOTICE TO APPEAL SEEKING A CERTIFICATE OF APPEAL" AND DENYING "REQUEST FOR RELIEF FROM VOID JUDGMENT PURSUANT F.R.C.P. 60(b)(4) & (6)"**